UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| PRINCE ISAAC, | ) | |
| Plaintiff, | ) | |
| v. | ) | Civil Action No. 13-1381 (EGS) |
| CHARLES E. SAMUELS, JR.., | ) | |
| Defendant. | ) | |

**MEMORANDUM OPINION**

Plaintiff, proceeding *pro se*, sues Bureau of Prisons Director Charles E. Samuels, Jr., for declaratory and injunctive relief. *See* Am. Compl., ECF No. 24. Plaintiff claims that the failure to provide him with Pennsylvania state legal materials during his incarceration at a BOP facility deprived him of his First Amendment right to access the courts to challenge his state conviction. Plaintiff seeks a declaration that his constitutional rights were violated and an injunction compelling "defendant Samuels to implement [sic] all 50 States of the Union criminal law, on all B.O.P. computerized law libraries." Am. Compl. ¶ 15.

Defendant moves to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure or for summary judgment under Rule 56, ECF No. 27. For the reasons explained below, the Court finds no claim stated and, thus, grants defendant's motion to dismiss.

**I. BACKGROUND**

Plaintiff "was convicted on September 21, 2007, of numerous federal offenses arising out of his involvement in a violent drug trafficking ring in Lancaster, Pennsylvania," and he was sentenced in November 2008 to life imprisonment. *United States v. Isaac*, 22 F. Supp. 3d 426, 429 (E.D. Pa. 2014). In July 2009, the Court of Common Pleas of Chester County,

Pennsylvania, sentenced plaintiff to life imprisonment following his conviction for first-degree murder in a case unrelated to the federal case. *Id*. n.2.

This action arises from plaintiff's litigation of the state conviction while in custody at the Federal Detention Center (FDC) in Philadelphia. Plaintiff alleges that in May 2007, following a preliminary hearing in state court, he went to the law library at the FDC to research the death penalty since the Commonwealth of Pennsylvania had charged him with capital murder. "To [p]laintiff's dismay and consternation, none of the material in the law library pertained to Pennsylvania criminal law, let alone any other 49 States." Am. Compl. at 2 ¶ 2. Plaintiff further alleges that because he had no access to state law materials, he was unable to assist in the preparation of a motion filed in the state case on his behalf in July 2008, and "to assist mitigation counsel with a motion to squash the death penalty notice." *Id*. ¶ 3. As the state case progressed, plaintiff, upon returning to FDC, made "verbal and written" requests "to be provided with [Pennsylvania] criminal law. Each time [he] was told by prison officials that the BOP doesn't provide such law material." *Id*. at 3 ¶ 4.

Following his trial and conviction in state court, plaintiff was returned to BOP's custody in July 2009 "with a life sentence and a consecutive 20-40 years, which is consecutive to the life plus 10 years he has under a federal conviction." *Id*. ¶ 5. At the end of July 2009, plaintiff was ordered by the state court "to file 'A Concise Statement of Errors Complained of on Appeal' under Pa.R.A.P. 1925(b)," which he alleges he could not do because he was back in federal custody and could not research the rule. *Id*. ¶ 6. "[S]o [plaintiff] was compelled to file a generalized State of Errors or risk losing his right to appeal." *Id*.

In August 2010, plaintiff, by counsel, filed a direct appeal, but plaintiff "had no input on [the] brief . . . since he didn't have access to State[] criminal law." *Id*. ¶ 7. Plaintiff also alleges

2

that he could not petition for new appointed counsel "due to not having [Pennsylvania] case law for authority." *Id.* The Superior Court denied plaintiff's direct appeal on February 29, 2012, and the state Supreme Court denied his petition for review on August 13, 2012. *Id.* ¶ 8.

## II. LEGAL STANDARD

Defendant moves to dismiss the complaint on the ground that the complaint "fail[s] to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). A motion under Rule 12(b)(6) tests the sufficiency of the complaint. *See Browning v. Clinton*, 292 F.3d 235, 242 (D.C. Cir. 2002). "[T]he complaint is construed liberally in the plaintiff['s] favor, and [the Court] grant[s the] plaintiff[ ] the benefit of all inferences that can be derived from the facts alleged." *Kowal v. MCI Comm'cns Corp.*, 16 F.3d 1271, 1276 (D.C. Cir. 1994). The Court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Papasan v. Allain*, 478 U.S. 265, 286 (1986).

A complaint survives a motion under Rule 12(b)(6) only if it "contain[s] sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw [a] reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007)). "A complaint alleging facts which are merely consistent with a defendant's liability . . . stops short of the line between possibility and plausibility of entitlement to relief." *Id.* (citing *Twombly*, 550 U.S. at 557 (internal quotation marks omitted). A *pro se* complaint "must be held to less stringent standards than formal pleadings drafted by lawyers," *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (internal quotation marks and citation omitted), but it, too, "must plead 'factual matter' that permits the court to infer 'more than the mere possibility of misconduct.' " *Atherton v.*

*District of Columbia Off. of the Mayor*, 567 F.3d 672, 681-82 (D.C. Cir. 2009) (quoting *Iqbal*, 556 U.S. at 679).

Although detailed factual allegations are not required at the pleading stage, a complaint must offer more than "unadorned, the-defendant-unlawfully-harmed-me accusation[s]." *Iqbal*, 556 U.S. at 678 (citations omitted). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do,' " *id*. (quoting *Twombly*, 550 U.S. at 555), and a complaint which merely "tenders 'naked assertion [s]' devoid of 'further factual enhancement,' " *id*. (quoting *Twombly*, 550 U.S. at 557), is equally unavailing.

## III. DISCUSSION

As an initial matter, plaintiff purports to sue under *Bivens v. Six Unknown Fed. Narcotics Agents*, 403 U.S. 388. Am. Compl. ¶ 1. In *Bivens*, the Supreme Court recognized a private right of action for damages against federal officials alleged to have violated a citizen's constitutional rights. *Correctional Services Corp. v. Malesko*, 534 U.S. 61, 66 (2001). But such a claim is cognizable against the official in his personal capacity only. *See Iqbal*, 556 U.S. at 676 ("Because vicarious liability is inapplicable to *Bivens* . . . suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution."). Plaintiff does not seek money damages, and he has not alleged facts implicating BOP Director Samuels directly in any wrongdoing. Indeed, plaintiff indicates in his opposition that Samuels is being sued because, as BOP director, he is "responsible for all policies regarding its prisons." Pl.'s Opp'n at 12. Consequently, plaintiff has stated no claim under *Bivens*.[1]

"A claim for denial of access may be brought where (1) systemic official action frustrates a plaintiff in preparing and filing suits, such as denial of access to a law library or (2) official

---

[1]   If plaintiff had stated a *Bivens* claim, defendant argues persuasively for dismissal of the claim on the ground of qualified immunity.  *See* Supp'g Mem.  at 4-6.

4

action precludes a claim resulting in the loss or inadequate settlement of a meritorious case or the loss of the opportunity to bring suit." *Delaney v. District of Columbia*, 659 F.Supp.2d 185, 196 (D.D.C.,2009) (citing *Christopher v. Harbury*, 536 U.S. 403, 412-14 (2002)).  An inmate has a First Amendment right of access to the courts that is adequate, effective, and meaningful. *See Bounds v. Smith*, 430 U.S. 817, 821-22 (1977); *Ex parte Hull*, 312 U.S. 546, 549 (1941).  But it is not enough for an inmate to state in a conclusory fashion that he was denied access to the courts; rather, he also must allege actual injuries as a result of the denial by claiming that an actionable claim was rejected, lost, or prevented from being filed. *Akers v. Watts*, 740 F.Supp.2d 83, 96-97 (D.D.C. 2010) (citing *Lewis v. Casey*, 518 U.S. 343, 356 (1996)).  This is because the "touchstone" of a prisoner's access claim turns on his incapability to bring a viable claim due to official acts or omissions, rather than mere incapability to "turn[ ] pages in a law library." *Lewis*, 518 U.S. at 356-57.  "Moreover, the Supreme Court instructs courts to "leave it to prison officials to determine how best to ensure that inmates . . . have a reasonably adequate opportunity to file nonfrivolous legal claims challenging their convictions or conditions of confinement." *Id*.  And BOP has promulgated regulations toward that end. *See* 28 C.F.R. § 543.10.

      Because the constitutional right of access to the courts is "ancillary to the underlying claim, . . . the underlying cause of action, whether anticipated or lost, is an element that must be described in the complaint," along with "the official acts frustrating the litigation." *Harbury*, 536 U.S. at 415.  The complaint does not identify a predicate cause of action or indicate in any way that plaintiff lost his right to appeal the state conviction.  On the contrary, the allegations establish that plaintiff was represented by counsel at trial and on direct appeal of his state conviction, and plaintiff had no constitutional right to assist his counsel in the manner he

desired.[2]  *See, e.g., Bounds v. Smith*, 430 U.S. 817, 828 (holding that "the fundamental constitutional right of access to the courts requires prison authorities to assist inmates in the preparation and filing of meaningful legal papers by providing prisoners with adequate law libraries or adequate assistance from persons trained in the law").  Consequently, plaintiff cannot show actual prejudice or injury from BOP's failure to provide him with state law materials, and he lacks standing to obtain injunctive relief on behalf of all other federal prisoners.[3]

## CONCLUSION

For the foregoing reasons, defendant's Rule 12(b)(6) motion to dismiss is granted, and this case is dismissed.  A separate order accompanies this Memorandum Opinion.


DATE:  September 25, 2015

SIGNED:    EMMET G. SULLIVAN
UNITED STATES DISTRICT JUDGE

---

[2]  Defendant refers to the docket of the Superior Court of Pennsylvania and states that plaintiff initiated his appeal *pro se* "but within 30 days was assigned counsel and . . . was represented by counsel in his appeals until his Petition for Allowance of Appeal to the Pennsylvania Supreme Court was denied over three years later on October 2, 2012."  Def.'s Reply at 2-3 (citing Exhibit 1), ECF No. 30.  The exhibit defendant cites is not a part of this record.  To complete the record, defendant is directed to file the exhibit promptly after receiving this ruling.

[3]  Plaintiff claims that he is entitled to prospective relief under 18 U.S.C. § 3626.  Pl.'s Opp'n at 13-14.  But that statute applies to prison condition lawsuits, the definition of which excludes "habeas corpus proceedings challenging the fact or duration of confinement in prison."  *Id.* § 3626(g).